IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES HALMINSKI, D-96903, | ) | |
| Petitioner, | ) | No. C 09-0204 SBA (PR) |
| vs. | ) | ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS |
| A. HEDGPETH, Warden, | ) | |
| Respondent(s). | ) | |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' (BPH) May 29, 2007 decision to deny him parole.  Petitioner specifically claims that the BPH violated his due process rights by denying him parole: (1) without some evidence that he is a current and present danger to society; (2) based on commitment offense factors; (3) based on facts that are unreliable and false; (4) based on evidence possessing no indicia of reliability to the ultimate question and concern under controlling statutory and regulatory mandates; (5) by using petitioner's history of alcohol abuse; and (6) inapposite to the presumption of suitability in the controlling statutory and regulatory mandates.

1    The Supreme Court has made clear that, in the context of parole, a

2 prisoner subject to a parole statute similar to California's receives adequate

3 process when he is allowed an opportunity to be heard and is provided with a

4 statement of the reasons why parole was denied.  Swarthout v. Cooke, 131 S. Ct.

5 859, 862 (2011).  The Constitution does not require more.  Id.

6    As the Ninth Circuit recently put it, "Cooke was unequivocal in holding

7 that if an inmate seeking parole receives an opportunity to be heard, a notification

8 of the reasons as to denial of parole, and access to their records in advance, '[t]hat

9 should . . . be [] the beginning and the end of [the] inquiry into whether [the

10 inmate] received due process.'" Pearson v. Muntz, No. 08-55728, 2011 WL

11 12388007, at *5 (9th Cir. Apr. 5, 2011) (quoting Cooke, 131 S. Ct. at 862).

12 Because petitioner has not questioned whether those procedures were provided,

13 this court's inquiry "is at its end."  Id.

14    For the foregoing reasons, the petition for a writ of habeas corpus is

15 DISMISSED.  And pursuant to Rule 11 of the Rules Governing Section 2254

16 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED

17 because it cannot be said that "reasonable jurists would find the district court's

18 assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel,

19 529 U.S. 473, 484 (2000).

20 SO ORDERED.

21 DATED: 5/26/11

21 *Saundra B Armstrong*

22 SAUNDRA BROWN ARMSTRONG
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


JAMES HALMINSKI,

          Plaintiff,

  v.

BEN CURRY et al,

          Defendant.

/_____

Case Number: CV09-00204 SBA

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 31, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


James  Halminiski D-96903
Salinas Valley State Prison
P.O. Box 689
Soledad,  CA 93960-0689


Dated: May 31, 2011

          Richard W. Wieking, Clerk
          By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.09\Halminiski0204.dismissal.wpd

3